IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Alicia A. Epps, | : | Case No. 1:25-cv-247 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | |
| POAH Communities, LLC, *et al.*, | : | Order |
| | : | |
| Defendants. | : | |

This matter is before the Court on both the Magistrate Judge's April 28, 2025 Order and Report and Recommendation ("April 28, 2025 R&R") (Doc. 5), to which Plaintiff Alicia Epps filed an Objection (Doc. 8). Also before the Court is the Magistrate Judge's June 24, 2025 Report and Recommendation ("June 24, 2025 R&R") (Doc. 13), to which Plaintiff did not object, as well as Plaintiff's subsequent Motion to File an Amended Complaint. (Doc. 17.) For the reasons that follow, the Court will **ADOPT** the April 28, 2025 R&R and June 24, 2025 R&R (Docs. 5, 8); **OVERRULE** Plaintiff's Objection (Doc.13); and **DENY** Plaintiff leave to file an Amended Complaint (Doc. 17).

**I.     BACKGROUND**

On April 17, 2025, Epps, proceeding *in forma pauperis*, filed a *pro se* Complaint against POAH Communities, LLC, Stephanie Wood, Christopher Jones, and the Ohio Department of Jobs and Family Services ("ODJFS").[1] (Doc. 1-2.) The Magistrate Judge performed a *sua sponte* review of the Complaint to determine whether it should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B). The

---

[1] Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28. U.S.C. § 1915. (Doc. 3.)

Magistrate Judge also considered Epps's Motion for Temporary Restraining Order/Preliminary Injunction. (Doc. 2.) On April 28, 2025, the Magistrate Judge recommended that the Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and that her Motion for Temporary Restraining Order/Preliminary Injunction (Doc. 2) be denied. (Doc. 5 at PageID 104.) Specifically, the Magistrate Judge noted that the lengthy Complaint is "disjointed and difficult to decipher" and continues on as such for 30 pages. (*Id*. at PageID 102–03.) The Magistrate Judge found that the allegations were insufficient to state a claim with an arguable basis in law over which this Court has subject matter jurisdiction. (*Id*. at PageID 104.) The Magistrate Judge determined that to the extent Epps seeks to invoke diversity jurisdiction under 28 U.S.C. § 1332(a), jurisdiction is lacking because Plaintiff and all Defendants are Ohio citizens. (*Id*.) To the extent Plaintiff invokes federal question jurisdiction, the Complaint fails to state a claim for relief, as the Magistrate Judge was "unable to discern from the facts alleged in the complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief." (*Id*.) Further, the Complaint contained insufficient factual detail from which the Court could discern any plausible claim against any of the individual Defendants. (*Id*.) Thus, the allegations fail to give Defendants fair notice of the claims and grounds upon which they rest. (*Id*. at PageID 105.)

Plaintiff filed an Objection (Doc. 8), which was written in similar fashion to her Complaint. The Court was unable to decipher the grounds for the Objection. The filing is incoherent. For instance:

> Report and Recommendation R&R fail to acknowledge under the Fourteenth Amendment appropriate Remedial measures that mustbe [sic] considered in light of Evil to Address on Harm unwarranted response see kimel v. florida Bd. of Regents, 120 S.Ct. 631, 649, Congress would be free to Enact any Remedies in a effort to Remedy or to Prevent *unconstitutional* State action *City of Boerne*, 521 u.s., Plaintiff doesn't seek simply a Injunction that would Bar Poah from violating

2

> *constitutional* rights or Order requiring the Federal government to Adopt and Implement Polices, Practices and Procedures to Remedy the Pattern or Practice to Assert Pervasive Control that Control would extend to Poah an Housing Authority aspects of training Employee's Supervising their performance, Monitoring their daily responsibilities,

(Doc. 8 at PageID 133–134) (typographical errors as written; emphases in original). Plaintiff also includes statements potentially indicating she agrees with the Magistrate Judge, such as: "Plaintiff agrees with Report and Recommendation pg5 Ms. Epps allegations are insufficient to State a Claim with an Arguable basis in Law over which this Federal Court has Subject Matter Jurisdiction Plaintiff intends Invoke the Court's Federal Question Jurisdiction pursuant 28 u.s.c1331, and allege facts showing the cause of action involves an issues of Federal Law . . ." (*Id*. at PageID 136.) She states that she "will Amend the Complaint Declaratory and Injunctive Relief to Correct the Defenicies [sic] [.]" (*Id*.) Plaintiff also notes objections to "page 6" of the R&R, although the Court is unable to understand the basis of the argument.

Plaintiff then filed an Amended Complaint (Doc. 10), a Motion for Leave to Amend Complaint (Doc. 12), an Amended Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 11), and a Motion for Leave to Amend the Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 11.) On June 24, 2025, the Magistrate Judge recommended that the Amended Complaint (Doc. 10) be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B); the Motion for Leave to Amend the Complaint (Doc. 12) be denied; and the Motions for Temporary Restraining Order and Preliminary Injunction (Docs. 9, 11) be denied. (Doc. 13.)

Specifically, the Magistrate Judge notes that the Amended Complaints are nearly identical to her original Complaint, with a few exceptions. (*Id.* at PageID 252.) Plaintiff added the U.S. Department of Housing and Urban Development as a Defendant and pled additional

3

causes of action. (*Id.*) Highlighting indiscernible passages from Plaintiff's Amended Complaint, the Magistrate Judge found the Amended Complaints "do not address the deficiencies" set forth in the April 28, 2025 R&R, nor do they set forth facts showing a plausible claim for relief. (Doc. 13 at PageID 254.) The Magistrate Judge found the Court lacks diversity jurisdiction over Plaintiff's state law claims, and the Amended Complaints do not set forth factual allegations plausibly stating a federal claim for relief. (*Id.*) As such, the Magistrate Judge recommended dismissing Plaintiff's Amended Complaint and denying her Motion for Leave to file an Amended Complaint. (*Id.*)

Plaintiff did not file a timely objection to the Magistrate Judge's June 24, 2025 R&R.[2] Instead, she again sought to file yet another Amended Complaint. (Doc. 17.) Plaintiff's most recent Amended Complaint suffers from the same deficiencies. As will be discussed, the Court will **DENY** Plaintiff leave to file an Amended Complaint.

**II.   LAW AND ANALYSIS**

Title 28 U.S.C § 636(b)(1)(B) & (C) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions and prisoner petitions challenging conditions of confinement. Parties then have fourteen days to make file and serve specific written objections to the report and recommendation. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

---

[2] Due to a change in address, the Court directed the Clerk of Court to change Plaintiff's address on the docket and re-serve the Magistrate Judge's June 24, 2025 R&R to Plaintiff when it was returned as undeliverable. The Court also provided an extension of time to Plaintiff to file objections.

4

The Court will **ADOPT** that the Magistrate Judge's April 28, 2025 R&R (Doc. 5) and June 24, 2025 R&R (Doc. 13) and **OVERRULE** Plaintiff's Objections (Doc. 8). Plaintiff did not file any discernable basis to support her Objections, and, in any event, proceeded to file an Amended Complaint. Plaintiff did not object to the Magistrate Judge's June 24, 2025 R&R. The Court finds that the Magistrate Judge's conclusions are well-reasoned and should be adopted. Plaintiff's filings are incoherent, and the Court is unable to decipher a basis for her claims. Accordingly, the Magistrate Judge's April 28, 2025 R&R (Doc. 5) and June 24, 2025 R&R (Doc. 13) are **ADOPTED**. Plaintiff's Objections (Doc. 8), which were not discernable, are **OVERRULED**.

Finally, Plaintiff's attempt to again file a new Amended Complaint (Doc. 17) is **DENIED**. Federal Rule of Civil Procedure 15(a)(2) allows a party to amend his or her pleading where justice so requires with leave of court. Fed. R. Civ. P. 15(a)(2). *Pro se* litigants are afforded lenient treatment, but not without limitation. *Link v. Bd. of Ed. Of Kettering City Schs.*, No. 3:22-cv-295, 2024 WL 708199, at *5 (S.D. Ohio Feb. 21, 2024). "[W]hen a *pro se* plaintiff 'became aware of the potential deficiencies in their complaint, and were given the opportunity to remedy any deficiencies, they cannot now seek shelter in their *pro se* status.'" *Id*. (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). In *Link*, the Court denied a *pro se* plaintiff leave to amend the complaint under similar circumstances involving repeated redrafting of the complaint. *Id*. The Court finds that leave is appropriately denied here, too. After two R&Rs in which the Magistrate Judge notified Plaintiff of the deficiencies of her pleadings, Plaintiff repeatedly attempted to redraft her Complaint "by way of a series of evolving filings," as was the case in *Link*. *Id*. at *6. Plaintiff's filings continue to be indiscernible.

Plaintiff's new Complaint does not satisfy Rule 8(a), which requires that a pleading

5

stating a claim for relief must contain "a short and plain statement of the claim showing the pleader is entitled to relief." *McComb v. Best Buy Inc.,* No. 3:23-CV-28, 2024 WL 181857, at *1 (S.D. Ohio Jan. 16, 2024) (citing *Kensu v. Corizon, Inc.*, 5 F.4th 646, 649 (6th Cir. 2021) (quoting Fed. R. Civ. P. 8(a)(2)). A complaint violates Fed. R. Civ. P. 8(a) if "[it] is so 'verbose, confused and redundant that its true substance, if any, is well disguised.' " *Id.* (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). Despite giving Plaintiff notice of the deficiencies in her Complaint, and the Magistrate Judge thoughtfully considering prior version of her Complaint thus far, the Court's leniency has some limit, and it has been reached in this case. The Court will **DENY** Plaintiff leave to file another Complaint as it would not be in the interests of justice, given the incomprehensibility of Plaintiff's filings and the unclear legal basis for her claims.

For these reasons, the Magistrate Judge's April 28, 2025 R&R (Doc. 5) and June 24, 2025 R&R (Doc. 13) are **ADOPTED**. Plaintiff's Objections (Doc. 8) to the April 28, 2025 are **OVERRULED**. Plaintiff is **DENIED** leave of Court to file an Amended Complaint (Doc. 17). Plaintiff's Complaint is **DISMISSED with prejudiced** pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Motion for Temporary Restraining Order/Preliminary injunction (Doc. 2) is **DENIED**. Plaintiff's Amended Complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); the Motion for Leave to Amend the Complaint (Doc. 12) is **DENIED**, and the Motions for Temporary Restraining Order and Preliminary Injunction (Docs. 9, 11) are **DENIED**. Plaintiff's Motion for Leave to Amend the Complaint (Doc. 17) is **DENIED**. The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal would not be taken in good faith and should therefore deny Plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See*

*Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overing in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

    **IT IS SO ORDERED.**

                                              BY THE COURT:

                                              S/Susan J. Dlott
                                              Susan J. Dlott
                                              United States District Judge